**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PAUL TAYLOR, individually; SHARON TAYLOR, individually; (JOHN DOE) TAYLOR, a minor child, by and through his Guardians and Natural Parents, PAUL and SHARON TAYLOR; NICOLE HARMS, individually; and (JOHN DOE) BROOKS-EWAN, a minor child, by and through his Guardian and Natural Parent, NICOLE HARMS,<br><br>                    Defendants.<br><br>PAUL TAYLOR, individually; SHARON TAYLOR, individually; (JOHN DOE) TAYLOR, a minor child, by and through his Guardians and Natural Parents, PAUL and SHARON TAYLOR,<br><br>                    Counter-Claimants,<br><br>        vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>                    Counter-Defendant. | Case No.: 2:14-cv-00934-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 38) filed by Plaintiff/Counter-Defendant American Family Mutual Insurance Company ("Plaintiff" or the "Insurer"). Defendants/Counter-Plaintiffs Paul Taylor, Sharon Taylor and (John Doe) Taylor (the "Taylors") filed a Response in Opposition (ECF No. 39) and Defendants Nicole Harms and

(John Doe) Brooks-Ewan filed their own Response in Opposition (ECF No. 40).  Plaintiff then filed a Reply in Support (ECF No. 41).

Also pending before the Court is the Motion for Summary Judgment (ECF No. 41) filed by the Taylors.  Plaintiff filed a Response in Opposition (ECF No. 44) and the Taylors filed a Reply in Support (ECF No. 45).  Defendants Harms and Brooks-Ewan also filed a belated Reply in Support (ECF No. 46) and Plaintiff has filed a Motion to Strike (ECF No. 51) that brief.

## I. BACKGROUND

This case is a declaratory relief action, seeking an order from this Court declaring that the Insurer has no duty to defend or indemnify the Taylors in a suit brought against them by Defendants Harms and Brooks-Ewan (the "Underlying Lawsuit").

The Underlying Lawsuit was filed on March 27, 2014, alleging that (John Doe) Taylor and other co-defendants committed "heinous acts of sexual assault" on several occasions against Brooks-Ewan at the home of the Taylors and other locations. (Compl. ¶¶1–17, ECF No. 1); *see also* (Underlying Lawsuit Compl., Ex. A to Compl., ECF No. 1).  The Underlying Lawsuit Complaint contains causes of action against the Taylors premised on these alleged sexual assaults for negligence, strict liability, negligent entrustment, and negligent supervision. (*Id.* ¶ 14).

During the summer of 2011, when the "heinous acts of sexual assault" allegedly occurred, a homeowners policy (the "Policy") issued by the Insurer was in effect on the Taylors' home. (Compl. ¶ 11); *see also* (The Policy, Ex. B to Compl., ECF No. 1).  The Policy's personal liability coverage provision reads in pertinent part:

> Coverage D – Personal Liability Coverage
>
> We will pay, up to our limit, compensatory damages for which any insured is legally liable because of bodily injury or property damage caused by an occurrence by this policy.

> Defense Provision
> If a suit is brought against any Insured for damages caused by an occurrence to which this policy applies, we will provide a defense at our expense by counsel of our choice. We will defend any suit or settle any claim for damages payable under this policy we think proper.

(Compl. ¶ 19); (The Policy § II).  Furthermore, the Policy defines the term "occurrence" as used in the personal liability coverage provision as "an accident . . . which results during the policy period, in: a. Bodily injury . . . ." (Compl. ¶ 20); (The Policy, Definitions ¶ 9).  However, the Policy also contains the following exclusions to personal liability coverage:

> 1. Abuse.  We will not cover bodily injury or property damage arising out of or resulting from any actual or alleged:
>    a. sexual molestation or contact;
>    b. corporal punishment; or
>    c. physical or mental abuse of a person
>
>    . . .
>
> 9. Imputed Liability.  We will not cover bodily injury or property damage arising out of any liability imputed to any insured which is otherwise excluded in this policy.

(Compl. ¶ 21); (The Policy § II).

Following the initiation of the Underlying Lawsuit, the Taylors tendered the lawsuit to the Insurer to defend, but the Insurer denied the request to defend and refused to provide any liability coverage for the suit. (Compl. ¶ 17).  The Insurer subsequently initiated the present action and filed its pending Motion for Summary Judgment, seeking a declaration from this Court that it has no duty to indemnify or defend the Taylors under the Policy.  In their Answer and Counterclaims (ECF No. 23) and opposing Motion for Summary Judgment, the Taylors seek damages for breach of contract, bad faith, and other claims related to the Insurer's denial of coverage as well as a declaration from this Court that the Insurer does have duty to indemnify and defend the Taylors in the Underlying Lawsuit pursuant to the Policy.

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and

the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   DISCUSSION**

Generally, in exchange for receiving premium payments on a policy, an insurer acquires a duty to defend and indemnify an insured from certain claims brought against the insured. *See United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1157–58 (Nev. 2004). "The duty to indemnify arises when an insured becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy." *Id.* at 1157. "The duty to defend is broader than the duty to indemnify," however, and arises where there is even *potential* for coverage

under the policy. *Id.* at 1158.  Accordingly, where there is no potential for liability under the policy, there is no duty to defend or indemnify. *Benchmark Ins. Co. v. Sparks*, 254 P.3d 617, 623 n.5 (Nev. 2011) (citing *United Nat'l Ins. Co.*, 99 P.3d at 1158).

In its Motion for Summary Judgment, the Insurer argues that it has no duty to defend or indemnify the Taylors in the Underlying Lawsuit because all the claims in the Underlying Lawsuit are premised on actions that fall within the abuse exclusion, so there is no potential for liability under the Policy. (Pl's MSJ 8:15–11:19, ECF No. 38).  Additionally, because the claims in the Underlying Lawsuit do not give rise to a duty to indemnify or defend, the Insurer did not breach any terms of the Policy and the Taylors' counterclaims for breach of contract and bad faith must fail. (*Id.* 11:20–13:7).  The Court agrees.

All of the claims against the Taylors raised in the Underlying Lawsuit are premised on the "heinous acts of sexual assault" allegedly committed by (John Doe) Taylor. *See* (Underlying Lawsuit Compl., Ex. A to Compl., ECF No. 1).  However, the Policy contains an exclusion to personal liability for damages caused by "sexual molestation or contact" or "physical or mental abuse of a person." (The Policy § II, Ex. B to Compl., ECF No. 1). Accordingly, the plain, unambiguous language of the Policy excludes coverage for claims against the Taylors premised on sexual contact and physical abuse such as the ones in the Underlying Lawsuit.  Therefore, because there is not even potential for liability under the Policy, the Insurer has no duty to defend or indemnify the Taylors in the Underlying Lawsuit. *See Benchmark Ins. Co.*, 254 P.3d at 623 n.5; *United Nat'l Ins. Co.*, 99 P.3d at 1158. Furthermore, because the Insurer has no duty to defend or indemnify the Taylors, it did not breach the Policy by failing to do so, and the Taylors' counterclaims must fail.

In both their Response to the Insurer's motion and their own Motion for Summary Judgment, the Taylors attempt to show that the claims in the Underlying Lawsuit are not excluded because, as a minor, (John Doe) Taylor could not have had the intention or *mens rea*

to commit sexual molestation. (Taylors' Resp. 7:3–11:8, ECF No. 39) (citing *Allstate Ins. Co. v. Jack S*, 709 F. Supp. 963 (D. Nev. 1989)); (Taylor MSJ 10:10–17:13); *see also* (Harm's Resp. 12:16–22:16, ECF No. 40).  These arguments, however, rely on the inapplicable Nevada Supreme Court opinion in *Allstate Ins. Co. v. Jack S*, which found that a policy with an exclusion for intentional harm did not preclude coverage of claims for sexual assault by a minor, and also appear to conflate the elements of the crime of sexual molestation with the applicability of the exclusion for "sexual molestation or contact" contained in the Policy. Unlike in the *Jack S* case or in the crime of sexual molestation, the issue of intent is irrelevant here to the application of the abuse exclusion included in the Policy.  The plain language of the abuse exclusion covers all sexual molestation or contact and all physical abuse, regardless of the intent of the actor.  Accordingly, the Taylors' arguments are without merit.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 38) is **GRANTED**.  Plaintiff American Family Mutual Insurance Company has no duty to defend or indemnify the Taylors in the Underlying Lawsuit, and all of the Taylors' Counterclaims are denied.

**IT IS FURTHER ORDERED** that the Taylor's Motion for Summary Judgment (ECF No. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF No. 51) is **DENIED as moot**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __11__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge